

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

DANIEL G. SAAVEDRA
Phone: (212) 356-0892
Fax: (212) 356-3509
dsaavedr@law.nyc.gov

June 15, 2016

**BY E.C.F.**
Honorable LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Nicholas Bowen v. City of New York, et al.,* 14 Civ. 6811 (BMC) (LB)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney assigned to the above-referenced matter on behalf of defendants City of New York, Police Officer Davis, Police Officer Davis, Police Officer Smith, and Police Officer Williams (hereinafter "defendants"). Defendants write to respectfully inform the Court of their intention to move to partially dismiss[1] the second amended complaint pursuant to Fed. R. Civ. P. 12(c) because: (1) probable cause existed for plaintiffs' arrest; and (2) plaintiff cannot maintain a plausible claim against the City of New York absent a constitutional violation.

    By way of background, plaintiff alleges that on July 7, 2013 he was unlawfully arrested while a passenger on the New York City Subway. Specifically, plaintiff alleges that he and a companion "were traveling on an 'A' subway train when they and several other passengers moved between subway cars because the air-conditioning was not working in the car they boarded. When the train arrived at the Hoyt/Schermerhorn Station, four NYPD officers, including defendant Dana Davis, approached Mr. Bowen and the other passengers who had moved between the subway cars, detained them, and asked for identification." *See* Second Amended Complaint, Docket Entry No. 47, ¶ 62. At this point, plaintiff alleges that the officers "ran Mr. Bowen's name and identifying information through the Automated Database," which, according to plaintiff, indicated that a previously closed warrant (identified in the complaint as the "Closed Warrant") was still open. Plaintiff alleges that the officers subsequently placed him under arrest. *Id*. at ¶ 63. Plaintiff claims that because the warrant for his arrest had been closed he should not have been arrested. *Id*. at ¶ 65. Moreover, plaintiff alleges that the City of New

---

[1] Defendants do not intend to move to dismiss plaintiff's excessive force claim or plaintiff's state law claims for assault and battery.

York has an ongoing unconstitutional policy of failing to adequately train NYPD officers to avoid making unlawful arrests based on defective warrants. *Id*. at ¶ 110.

## I.     Plaintiff's False Arrest Claims are Barred by the Existence of Probable Cause.

A claim for false arrest will fail when there is probable cause for the arrest and prosecution. *See Jaegly v. Couch*, 439 F.3d 149. 152 (2d Cir. 2006); *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) ("In order to prevail on a § 1983 claim […] a plaintiff must show that a proceeding was commenced or continued against him, with malice and without probable cause, and was terminated in his favor."). Probable cause "exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007).  It is well-settled that "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see also Virginia v. Moore*, 553 U.S. 164, 176 (2008) (holding an arrest lawful under the Fourth Amendment despite state law prohibiting arrest for the offense.).

Pursuant to the New York City Transit Rules of Conduct, an individual is prohibited from using "the end doors of a subway car to pass from one subway to another except in an emergency or when directed to do so by an Authority conductor or a New York City Police Officer." *See* 21 NYCRR § 1050.9(d). This offense is punishable by "criminal prosecution in the criminal court of the City of New York, which court may impose a fine not exceed $ 25 or a term of imprisonment for not longer than 10 days, or both." *See* 21 NYCRR § 1050.10.  In this case, plaintiff admits that he and "several other passengers moved between subway cars." *See* Second Amended Complaint, ¶ 62.  Accordingly, there was probable cause to arrest plaintiff for violating the rules governing the conduct of the public in the subway.  Nevertheless, plaintiff contends—by way of a footnote—that "an alleged violation [of] Administrative Code § 1050.9, which prohibits moving between subway cars, is "[n]ot an arrest charge." *See* Second Amended Complaint, p. 13, fn. 7.  This assertion, however, is a legal conclusion that is incorrect and not entitled to any weight. *See, e.g., Mastafa v. Chevron Corp*., 770 F.3d 170, 177 (2d Cir. 2014) ("although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions").  Indeed, the Supreme Court has made clear that a police officer is empowered to arrest an individual for the violation of a crime, regardless how minor the crime. *See Atwater*, 532 U.S. at 354.  Accordingly, plaintiff cannot maintain an action for false arrest because, according to the facts he has pleaded, he committed a crime for which he could have been arrested.

## II.     Plaintiff's Claims against Defendant City Fail as a Matter of Law.

Plaintiff also brings a number of claims against the City of New York. Specifically, plaintiff alleges that the City has an unconstitutional policy of failing to adequately train NYPD officers to avoid making unlawful arrests when there is in fact no active warrant. *See* Second Amended Complaint, ¶ 110. Plaintiff further alleges that the City has an unconstitutional practice of tolerating arrests by its officers based on vacated bench warrants. *Id*. at ¶ 122.

In order to hold a municipality liable as a "person" within the meaning of § 1983, a plaintiff must establish that the municipality itself was somehow at fault. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (liability exists only where "action pursuant to official municipal policy of some nature caused a constitutional tort"). A municipality may not be held liable under § 1983 on the basis of *respondeat superior*. *Monell*, 436 U.S. at 694-95. Instead, "[t]he plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused him injuries . . . . Second, the plaintiff must establish a causal connection – an affirmative link – between the policy and the deprivation of his constitutional rights." *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (internal quotation marks and citation omitted).

But in all cases, the plaintiff must first prove an underlying constitutional violation in order to establish *Monell* liability. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). In this case, plaintiff cannot establish that he was deprived of a constitutional right. As set forth above, plaintiff admits to unlawfully moving between subway cars. This admission clearly establishes probable cause for his arrest. Plaintiff's arrest and detention were, therefore, privileged as a matter of law. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) ("The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest…'") (citations omitted). Accordingly, plaintiff cannot maintain a *Monell* claim because he cannot establish a threshold element of that claim—the deprivation of a constitutional right. *See Vippolis*, 768 F.2d at 44.

### III.    Briefing Schedule

On these grounds, defendants believe that they possess a good faith basis on which to move to partially dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c). Accordingly, defendants respectfully request a pre-motion conference in accordance with Your Honor's Individual Rules and Practices. Should Your Honor find that a pre-motion conference is unnecessary, defendants respectfully request that the Court endorse the proposed briefing schedule:

| | |
|---|---|
| Motion papers served and filed by defendants: | July 8, 2016 |
| Opposition papers served and filed by plaintiff: | August 8, 2016 |
| Reply papers, if any, served and filed by defendants: | August 22, 2016 |

In light of the anticipated dispositive motion, defendants further respectfully request that the Court stay *Monell* discovery pending the resolution of the motion. *Cf. Picture Patents, LLC v. Terra Holdings, LLC*, 07 Civ. 5465 (JGK)(HBP), 2008 U.S. Dist. LEXIS 98030, at *11 (S.D.N.Y. Dec. 3, 2008) (granting application to stay discovery pending resolution of motion to dismiss since "[i]f defendants' dismissal motions prove meritorious, the burden of litigating the discovery issues will have been for nothing and defendants will have suffered the burden of unnecessary legal fees."); *Niv v. Hilton Hotels, Corp.*, 06 Civ. 783 (PKL), 2007 U.S. Dist. LEXIS 12776, at *7 (S.D.N.Y. Feb. 15, 2007) ("The discovery sought so far does not appear on its face to be unreasonably broad. However, responding to the discovery requests will likely prove burdensome, and if the motion is granted, this burden will likely have served little purpose."); *Gandler v. Nazarov*, 94 Civ. 2272 (CSH), 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 13, 1994) (stay granted "because the adjudication of the pending motion to dismiss might avoid the need for costly and time-consuming discovery").

      Defendants thank the Court for its consideration of this request.

                                            Respectfully submitted,

                                                 /s/
                                          Daniel G. Saavedra
                                          Assistant Corporation Counsel
                                          Special Federal Litigation Division

cc:  Michael W. Ross, Esq.
      Elizabeth A. Edmondson, Esq.
      *Attorneys for Plaintiff*